# Richmond

FERRIS MURRAY AND OTHERS *v.* CITY OF ROANOKE.

May 7, 1951.

Record No. 3803.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

322

The opinion states the case.

*Messick & Psaki, Martin, Martin & Hopkins* and *W. S. Hubard,* for the plaintiffs in error.

*C. E. Cuddy* and *B. T. Fitzpatrick,* for the defendant in error.

Spratley, J., delivered the opinion of the court.

On March 16, 1950, Ferris Murray was tried and convicted by a jury in the Hustings Court of the City of Roanoke, upon a warrant charging him with keeping a gambling house in violation of section 8 of chapter 68 of the Code of the City of Roanoke. Tried at the same time and before the same jury, by consent of the parties, the remaining appellants, Earl Barton, N. P. Carter, Joe Wheby, Crafton Warren, George Murray, Joe Unice, A. M. Murray, Joe Davis, O. L. Martin, A. E. Willis, H. R. Wimmer, Abraham George, Henry Lawrence, E. W. Souma, N. J. Nackley and George Chapman were severally convicted upon separate warrants charging each of them with participating in a gambling game for money in violation of section 7 of chapter 68 of the said Code.

The cases were heard upon appeals from judgments of conviction by the Civil and Police Justice for the city of Roanoke. For the purpose of this appeal, the questions in each case being the same, pursuant to agreement of counsel for appellants and the city of Roanoke, and an order of the trial court, one record covering the evidence and the proceedings was made up for this appeal.

There are several assignments of error, the first of which is that the judgments of the Hustings Court and all proceedings on the warrants are void because the offenses, charged in the warrants as being in violation of the ordinances of the city of Roanoke, admittedly occurred in the county of Roanoke, approximately 200 yards west of the corporate limits of the city.

The city, on the other hand, insists that by virtue of the provisions of its charter,[1] especially the general welfare clauses therein and the general statutes of the state, the legislature of Virginia "has conferred directly and by inference jurisdiction upon the cities over all criminal offenses, whether state or municipal, within the radius of one mile of their corporate limits."

Section 27 of the charter of the city, with reference to the power of its civil and police justice, in part, provides:

"In criminal cases, he shall possess all the jurisdiction and exercise all the power and authority conferred by law upon a trial justice, and except where it is otherwise specifically pro-

* Acts 1924, chapter 473, page 720.

vided by law, shall have exclusive original jurisdiction for the trial of all misdemeanor cases occurring within the corporate limits of the city and concurrent jurisdiction with the county authorities of offenses committed within one mile of the corporate limits.''

Section 7 of chapter 68 of the city code makes it unlawful for any person to bet money or play at any game for money or other thing of value.

Section 8 makes it unlawul for any person to keep or possess any apparatus or paraphernalia used in gaming for the purpose of gaming, etc.

The two sections are respectively modeled after, and closely follow, sections 18-278 and 18-284, Code of Virginia, 1950.

Code of Virginia, 1950, section 15-560 provides:

''The jurisdiction of the corporate authorities of each town or city, in criminal matters, shall extend one mile beyond the corporate limits of such town or city; * * *.''

Code of Virginia, 1950, section 17-139 reads as follows:

''The several corporation courts shall, within the territorial limits of the cities for which they are established, have the same jurisdiction which the circuit courts have in the counties for which they are established and for the appointment of electoral boards, as provided by section thirty-one of the Constitution, and concurrently with the circuit courts they shall also have jurisdiction to enforce police regulations and jurisdiction over all offenses committed in any county within one mile of such city, and such other jurisdiction as may be conferred upon them by law. But the provisions of this section shall not apply to the Hustings Court of the city of Richmond.''

In Virginia, counties and cities are separate and distinct legal entities. Each is a subordinate agency of the State government, and each is invested by the legislature with subordinate powers of legislation and administration relative to local affairs within a prescribed area. Citizens of the counties have no voice in the enactment of city ordinances, and conversely citizens of cities have no say in the enactment of county ordinances.

Appellants do not deny that the legislature may give extra-territorial effect to municipal ordinances and may allow cities to enact ordinances for police and sanitary purposes to be effective in territory contiguous to the corporation. *Light* v. *Danville,* 168 Va. 181, 205, 190 S. E. 276. They contend that unless the legisla-

ture expressly gives such authority to a city, the effect of its ordinances is restricted to the corporate limits of the municipality, and that in this case no such express permission has been given.

In 37 Am. Jur., Municipal Corporations, section 194, page 832, it is said:

"It is a well-settled rule, however, that unless otherwise provided by the organic law, or in some instances, by specific legislation enacted by the state, municipal ordinances have no extraterritorial force or operation, and are effective only within the boundaries of the municipality."

In the same authority, section 284, page 917, it is further said:

"In accordance with general principles as to the non-extraterritorial operation of municipal powers, the police power jurisdiction of municipal corporations, in the absence of express provisions of statute to the contrary is limited by the territorial boundaries of the municipalities. A police ordinance consequently cannot prohibit the doing of an act outside such boundaries.

\* \* \* \* \* \*

"The Legislature has power to confer on a municipal corporation police jurisdiction over adjoining territory immediately next to and within a specified short distance of the corporate limits. There is no violation of the fundamental law in a statute or charter provision under which some of the police regulations of a municipality extend beyond its territorial limits even if thereby some persons are subjected to the jurisdiction of two different municipalities."

In 62 C. J. S., Municipal Corporations, section 141, page 284, it is said:

"The Legislature may, and often does, expressly or by implication, grant to municipal corporations the right to exercise police power beyond and within a prescribed distance of the municipal limits especially for the preservation of the public · health, and accordingly municipal corporations may have the implied right to exercise certain extraterritorial police powers when the possession and exercise of such powers are essential to the proper conduct of the affairs of the Corporation."

A municipal corporation possesses and can exercise only those powers granted in express words by statute or charter, those necessarily or fairly implied or incidental to the powers ex-

pressly granted, and those essential to the declared object and purpose of the corporation, not simply convenient but indispensable. *Donable* v. *Harrisonburg,* 104 Va. 533, 535, 52 S. E. 174, 113 Am. St. Rep. 1056, 2 L. R. A. (N. S.) 910. Vol. 14, Va. & W. Va. Digest, West, Municipal Corporations, section 57 and cases cited; Vol. 7, Digest of Va. & W. Va. Reports, Michie, Municipal Corporations, section 24, page 536.

In *Jordan* v. *South Boston,* 138 Va. 838, 843, 122 S. E. 265, we said:

"A municipal corporation is a mere local agency of the State and has no powers beyond the corporate limits except such as are clearly and unmistakably delegated by the legislature. *Whiting* v. *West Point,* 88 Va. 905, 14 S. E. 698, 29 Am. St. Rep. 750, 15 L. R. A. 860; *Washington, etc., Ry. Co.* v. *Alexandria,* 98 Va. 344, 36 S. E. 385."

We approved the following statement in *Light* v. *Danville, supra,* at page 205:

" 'The general rule is that a municipal corporation has no extraterritorial powers; but the rule is not without exceptions. The legislature has undoubted authority to confer upon cities and towns jurisdiction for sanitary and police purposes in territory contiguous to the corporation * * *.' "

"The power of a municipality, unlike that of the state legislature, must be exercised pursuant to an express grant, and in the particular manner prescribed if one is specified." *South Hill* v. *Allen,* 177 Va. 154, 163, 12 S. E. (2d) 770; *Wallace* v. *Richmond,* 94 Va. 204, 26 S. E. 586, 36 L. R. A. 554.

See also, *Seymour* v. *Commonwealth,* 133 Va. 775, 778, 112 S. E. 806; *Charlottesville* v. *Marks Shows,* 179 Va. 321, 328, 18 S. E. (2d) 890.

■ We find nothing in the charter of the city of Roanoke, which expressly or impliedly gives extraterritorial effect to its ordinances or empowers the city to enact ordinances effective beyond its corporate limits. Its ordinances do not of themselves purport to extend their provisions beyond the borders of the city.

Code, sections 15-560 and 17-139 do not purport to extend the effect of municipal ordinances beyond the corporate limits of a city. They are statutes of enforcement of the effective law within the area specified. Their purpose is plain, that is, to pre-

vent the territory contiguous to a city from becoming a refuge for criminals, and to confer on the corporation courts of cities power to enforce the police regulations and law of the area involved.

█ The question involved arises in the confusion of the meaning of the word "jurisdiction," employed in the statutes. "Jurisdiction," as applied to judicial proceedings, broadly means the power, right, or authority in the courts to hear, determine, and enforce the law in cases, causes or controversies. It is the power to try and declare the law. It is the authority by which judicial officers take cognizance of, and apply and enforce the law as distinguished from the power to enact law. Vol. 23, Words and Phrases, Permanent Edition, page 358, *et seq.*, and Black's Law Dictionary, DeLuxe Edition.

█ " 'Concurrent jurisdiction' is that jurisdiction exercised by different courts, at the same time, over the same subject-matter, and within the same territory, and wherein litigants may, in the first instance, resort to either court indifferently. Bouv. Law Dict." Vol. 8, Words and Phrases, Permanent Edition, page 383.

Section 27 of the charter of the city expressly gives the civil and police justice of the city "concurrent jurisdiction with the county authorities of offenses," that is, acts in violation of state and county laws, committed within one mile of the city. Code, section 17-139 expressly gives to the Hustings Court of this city jurisdiction "concurrently with the circuit court" of Roanoke county, "to enforce police regulations and jurisdiction over all offenses committed" within the one mile area, that is, power to enforce the law of that area.

█ There is no merit in the contention of the city that a contrary view would open the gates to law violators just outside of its boundaries and allow the city to be ringed with unlawful establishments. Sections 18-278 and 18-284 of Virginia Code, 1950, effective within the territory involved, are somewhat more stringent than the city ordinances in question. In addition, the board of supervisors of each county has the power: "To adopt such measures as they may deem expedient to secure and promote the health, safety and general welfare of the inhabitants of the respective counties, not inconsistent with the general laws of this State." Code of Virginia, 1950, section 15-8 (5).

There are other assignments of error which we need not discuss in view of our conclusion that the ordinances involved are not effective beyond the territorial limits of the city.

Accordingly, the result is that the judgment of the Hustings Court in each of the cases against the appellants must be reversed and the proceedings dismissed.

*Reversed and dismissed.*