# Richmond

## Thomas K. Kelley, Sr. v. County of Brunswick.

June 16, 1958.

Record No. 4800.

Present, All the Justices.

The opinion states the case.

*Frank D. Harris* and *Y. Melvin Hodges,* for the plaintiff in error.

*J. C. Hutcheson,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

Thomas K. Kelley, Sr., was convicted in the circuit court of Brunswick county upon a county warrant charging him with the operation of a motor vehicle on the public highway while under the influence of intoxicants. The case reached the circuit court by appeal from a conviction in the county court of Brunswick county. In the circuit court the case was submitted upon a stipulation and agreed statement of facts. No denial of the truth of the charge was made, but accused relied solely upon the defense of former jeopardy. From a finding by the court that overruled that defense and adjudged accused guilty as charged, we granted an appeal.

Summarized, the stipulation and agreed statement of facts follow:

On December 17, 1956, two police officers of the town of Lawrenceville, Virginia, observed Kelley operating a motor vehicle in an unusual manner upon the public highway in Brunswick county less than a mile distant from the corporate limit of Lawrenceville. Accused was arrested and taken before a justice of the peace of the town of Lawrenceville where a *town warrant* was issued charging him with "operating a motor vehicle while under the influence of intoxicants within the town of Lawrenceville." He was bonded to appear before the Mayor's court of Lawrenceville, and a test was taken to determine the alcoholic content in his blood.

Upon the day set for trial accused appeared before the Mayor's court and entered a plea of not guilty to the charge. Arresting officer A. P. Pentecost testified that he did not see Kelley operating his motor vehicle within the town of Lawrenceville, but did observe him driving it in Brunswick county within one mile of the corporate limits. He further said that accused staggered when he undertook to walk and the blood analysis disclosed a .23 per cent alcoholic content by volume in Kelley's blood. Upon this evidence the Mayor's court "dismissed the warrant against the accused on the assigned grounds of lack of jurisdiction."

Immediately following dismissal of the *town warrant*, the officers, on instructions from the Mayor of Lawrenceville, obtained a *county warrant* against accused charging him with operating a motor vehicle on December 17, 1956, upon the public highway in the county of Brunswick while under the influence of intoxicants. Accused was bonded to appear before the county court of Brunswick on January 11, 1957. In the trial by the county court, the evidence against accused was the same as that heard in the Mayor's court; he interposed the defense of former jeopardy and moved the court to dismiss the charge on that ground. The motion was overruled, accused was found guilty as charged, and he appealed to the circuit court of Brunswick county.

In the agreed statement of facts, counsel for accused and the Commonwealth's attorney stipulated that the only question to be decided by the circuit court was whether or not accused had been placed in former jeopardy by his arrest, trial and dismissal in the Mayor's court of the town of Lawrenceville. In short, did the trial and dismissal in the Mayor's court bar a trial of accused in the county court and the circuit court of Brunswick county for violation of a county ordinance?

Though copies of the town and county ordinances are not before us, it was agreed and stated at bar that the town of Lawrenceville and the county of Brunswick had each enacted an ordinance under authority of § 15-553, Code 1950, making it unlawful to operate a motor vehicle upon the public highway while under the influence of intoxicants.

Accused contends that the Mayor's court had jurisdiction to try the offense committed within a mile of the corporate limits, and the circuit court erred when it refused to hold that he had been placed in jeopardy when tried in that court upon the town warrant. Though the town warrant charged that the offense was committed within the town of Lawrenceville, Kelley also says that the Mayor's court was authorized to and should have amended the warrant so that it would charge the commission of the offense within a mile of the corporate limits. He relies upon § 15-560, Code 1950, which follows:

"The jurisdiction of the corporate authorities of each town or city, in criminal matters, shall extend one mile beyond the corporate limits of such town or city; except that such jurisdiction of the corporate authorities of towns situated in counties having a density

of population in excess of three hundred inhabitants per square mile, or in counties adjacent to cities having a population of one hundred and seventy thousand or more, shall extend only to the corporate limits of such town."

The Commonwealth's attorney of Brunswick county contends that § 15-560 does not have the force of extending the effective scope of the ordinance of the town of Lawrenceville beyond the corporate limits nor does it extend the jurisdiction of the Mayor's court to try offenses committed beyond, but within a mile of the corporate limits. He also points out that § 19-232, Code 1950, provides that where the same act violates two or more statutes, or two or more municipal ordinances, or a statute and an ordinance, there must be a *conviction* to bar a second prosecution.

We first direct our attention to the question of whether or not the ordinance of the town of Lawrenceville is effective beyond the corporate limits.

An examination of the town charter, which appears in 1934 Acts, ch. 194, page 279, discloses no provision empowering the town to give its ordinance enacted under § 15-553 extraterritorial scope and effect.

"A municipal corporation is a mere local agency of the State and has no powers beyond the corporate limits except such as are clearly and unmistakably delegated by the legislature." *Jordan, et al.* v. *Town of South Boston,* 138 Va. 838, 843, 122 S. E. 265.

"A city ordinance is a 'special' or specific provision of law in the sense that it is limited in its operation to the territorial confines of the city." *Southern Ry. Co.* v. *City of Danville,* 175 Va. 300, 306, 7 S. E. 2d 896.

Though the ordinance is not before us, it thus appears that it has no operative effect beyond the corporate limits unless that be conferred by general law.

In *Murray* v. *City of Roanoke,* 192 Va. 321, 64 S. E. 2d 804, Mr. Justice Spratley, in commenting upon §§ 15-560 and 17-139[1], said:

"Code, sections 15-560 and 17-139 do not purport to extend the effect of municipal ordinances beyond the corporate limits of a city. They are statutes of enforcement of the effective law within the area specified. Their purpose is plain, that is, to prevent the territory contiguous to a city from becoming a refuge for criminals and to

---

[1] Section 17-139 has to do with the jurisdiction of corporation courts and is admittedly not applicable to the facts of this case.

confer on the corporation courts of cities power to enforce the police regulations and law of the area involved." (At page 326)

This principle is stated in 37 Am. Jur., Municipal Corporations, § 194, p. 832, as follows:

"It is a well-settled rule, however, that unless otherwise provided by the organic law, or in some instances, by specific legislation enacted by the state, municipal ordinances have no extraterritorial force or operation, and are effective only within the boundaries of the municipality."

In § 284, page 917, of this authority it is also said:

"In accordance with general principles as to the non-extraterritorial operation of municipal powers, the police power jurisdiction of municipal corporations, in the absence of express provisions of statute to the contrary is limited by the territorial boundaries of the municipalities. A police ordinance consequently cannot prohibit the doing of an act outside such boundaries."

Further discussion of this subject is found in 62 C. J. S., Municipal Corporations, § 141, page 284, and in *Light* v. *Danville*, 168 Va. 181, 190 S. E. 276.

The above authorities clearly show that the ordinance of the town of Lawrenceville had no effect beyond the corporate limits, and the evidence presented to the Mayor's court conclusively proved that the offense charged was committed beyond the corporate limits.

■ We need not determine whether or not the Mayor's court had concurrent jurisdiction within the questioned area with the county and circuit courts to try an offense against the county ordinance or state statute. If it should be conceded that the Mayor's court had authority to amend the town warrant and charge Kelley with the commission of an offense against the county ordinance or state law, or try him for such an offense without formal warrant, the all sufficient answer is that it did not do so. There is no law that required the Mayor's court to take that action, and it never assumed to exercise that jurisdiction.

■ Kelley's *dismissal or acquittal* for violation of the town ordinance did not prevent the county of Brunswick from prosecuting him for his offense against its ordinance. The protection of § 19-232 may not be invoked except where there has been a conviction.

"Section 19-232 contemplates a *conviction* of an act or offense prohibited by two or more statutes or ordinances. If a defendant is tried and convicted under one statute or ordinance for the violation

of a prohibited act or offense and a prosecution is later instituted under another statute or ordinance which covers the same act or offense, then the first conviction properly pleaded would bar the prosecution." *Hundley* v. *Commonwealth*, 193 Va. 449, 69 S. E. 2d 336.

It necessarily follows that Kelley's subsequent prosecution and conviction under the county ordinance did not constitute double jeopardy. The judgment of the circuit court is affirmed.

*Affirmed.*