# Richmond

Thomas Junior Lowery v. Commonwealth of Virginia.

October 12, 1964.

Record No. 5811.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, I'Anson and Carrico, JJ.

*David F. Guthrie*, for the plaintiff in error.

*R. D. McIlwaine, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

Buchanan, J., delivered the opinion of the court.

Thomas Junior Lowery, defendant, has been convicted of operating a motor vehicle while under the influence of alcohol, declared to be unlawful by § 18.1-54 of the Code, and made a misdemeanor by § 18.1-58, as amended, Code 1964 Cum. Supp. He was sentenced to pay a fine of $200 and his right to drive was revoked for a period of one year, pursuant to § 18.1-59 of the Code, as amended, 1964 Cum. Supp. He was granted an appeal and contends under his as-

signments of error that the Commonwealth failed to comply with the requirements of § 18.1-55 of the Code, as amended by Acts 1962, ch. 625, p. 1240, in effect at the times here involved,* providing for a chemical test to determine the alcoholic content of his blood, and that it was error to admit the result of the test in evidence.

By agreement the case was submitted to the court without a jury, and the evidence and other incidents of the trial were stipulated and appear in the record in narrative form, as follows:

Defendant was arrested on August 23, 1962, by a police officer of the city of South Boston for operating a motor vehicle on the streets of the city while under the influence of alcohol. Afterwards, on the same day and on the complaint of the police officer, a warrant was issued by the warrant officer of the city, reciting that the offense was in violation of the city ordinance.

Both before and after this warrant was issued the arresting officer informed the defendant that the law required him to take a blood test and that if he unreasonably refused to do so his driver's license would be revoked. He was also advised by the warrant officer that his unreasonable refusal to consent to the blood test was an offense in and of itself punishable by suspension of his driver's license for ninety days.

Within two hours after defendant's arrest his counsel was called to the police station and he also advised the defendant that the law required him to submit to the blood test, and defendant submitted to the test.

Before trial on the city warrant it was discovered that the city ordinance had not been amended to conform to the minimum fine under the State statute, as required by § 15-553 (now § 15.1-132) of the Code, and a *nolle prosequi* was thereupon entered with respect to the city warrant.

Thereafter, on September 14, 1962, a State warrant was issued against the defendant for the same offense, but subsequently at the January 1963 term of the circuit court a *nolle prosequi* was also entered to that warrant; and on February 1, 1963, another State warrant was issued charging defendant with the same offense of August 23, 1962.

At defendant's trial in the circuit court on May 29, 1963, on the last named warrant, which resulted in the conviction now appealed from, the Commonwealth was permitted to introduce, over the objec-

---

* Section 18.1-55 was repealed by Acts 1964, ch. 240, effective July 1, 1964, and § 18.1-55.1, 1964 Cum. Supp., was enacted in its place.

tion of the defendant, the certificate containing the result of defendant's blood test, which showed that his blood contained an alcoholic content of 0.20%, from which it is presumed that he was under the influence of alcohol. Code § 18.1-57.

Defendant stated his objections to the introduction of the blood test to be "that there had been no lawful arrest in the city of South Boston on August 23, 1962, that the warrant officer of the city was without judicial authority, that the defendant had been unlawfully detained and unlawfully advised that the city ordinance complied with the general state statutes."

He argues that these alleged grounds entitled him to an acquittal under the terms of § 18.1-55(f) of the Code, which provides:

"In the event that the Commonwealth fails to comply with any of the requirements of this section, then this failure shall be deemed a reasonable doubt of defendant's guilt."

Section 18.1-55 provided, *inter alia*, that any person who operates a motor vehicle upon a public highway in Virginia is deemed to consent, and is entitled, to have a sample of his blood taken for a chemical test to determine its alcoholic content if he is arrested for a violation of § 18.1-54 or of a similar ordinance of any county, city or town, within two hours of the alleged offense. If the person arrested does not refuse to permit the taking of his blood, which was the case here, the test is then to be made in the manner required by said section.

Defendant does not contend that the requirements of the statute were not properly followed in the taking of the blood sample and its analysis. The substance of his contentions is that the city warrant charged him with driving his motor vehicle while under the influence of alcohol in violation of an ordinance of the city; that the ordinance of the city was invalid, and hence there was no lawful authority for his arrest and no lawful requirement that he submit to a blood test, and therefore the result of the test was inadmissible. This argument overlooks both the facts and the law.

The defendant was arrested for operating a motor vehicle while under the influence of alcohol. That act was made a crime by § 18.1-54 of the Code. It was for that act that he was arrested. That act could also be prohibited and made punishable by the ordinance of a city, town or county, subject to restrictions, as provided by § 15.1-132. After defendant's arrest a city warrant was first issued charging that the act for which he was arrested violated a city ordinance. It developed that the city ordinance was invalid,

and the city warrant was disposed of by a *nolle prosequi*, which barred prosecution under that particular warrant. It did not, however, prevent later prosecution of the defendant under a valid warrant for the offense for which he was arrested. Code § 19.1-259; *Kelley v. County of Brunswick*, 200 Va. 45, 104 S.E.2d 7, 6 Mich. Jur., Dismissal, etc., § 38, p. 246.

Such later prosecution was had under a warrant running in the name of the Commonwealth and charging the offense for which he was arrested and which was declared to be a crime by § 18.1-54 of the Code. After his arrest (not after issuance of a warrant, *cf. Bowman* v. *Commonwealth*, 201 Va. 656, 112 S.E.2d 887) he was required by § 18.1-55 to submit to a blood test within two hours of the alleged offense. He was correctly so informed by the arresting officer, as well as by the warrant officer and by his own attorney, and he "submitted to the test" as the record states. The record does not support defendant's claim that he was unlawfully arrested or detained, or that he was advised, unlawfully or in any fashion, that the city ordinance complied with the general State statutes.

There is nothing in the record to indicate that the blood test was not properly made or that the alcoholic content of the defendant's blood was not accurately ascertained. The result of the test was properly admitted in evidence and there was no error in the judgment of conviction. It is accordingly

*Affirmed.*