# Richmond

STEPHEN EARL SQUIRE v. COMMONWEALTH OF VIRGINIA.

October 8, 1973.

Record No. 8232.

Present, All the Justices.

*John C. Lowe* (*F. Guthrie Gordon, III* on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Stephen Earl Squire was tried in the Municipal Court of the City of Charlottesville and convicted of disorderly conduct in violation of Code § 18.1-253.2. The offense occurred in Scott Stadium at the University of Virginia in the County of Albemarle and within one mile of the corporate limits of Charlottesville. The defendant appealed to the court below and was again convicted. He is here on a writ of error limited to a consideration of whether or not the Municipal Court of Charlottesville had jurisdiction to try the defendant.

Defendant says the Charter of the City of Charlottesville contains no grant giving its municipal court jurisdiction over misdemeanors committed within one mile of the city limits, and that no such jurisdiction is conferred on the municipal court by the general law. He then argues that the jurisdiction of the court below is derivative and

that since the municipal court was without jurisdiction in the first instance the corporation court did not have jurisdiction on appeal.

Section 33 of the Charter of the City of Charlottesville provides in part that "The judge of the municipal court of said city . . . shall have such jurisdiction as is provided by general law . . . ."

Code § 16.1-124 provides in part: "Each municipal court having jurisdiction of criminal matters shall have: . . . (4) Such other jurisdiction, exclusive or concurrent, as may be conferred upon it by general law, or by the provisions of its municipal charter."

Code § 15.1-141 provides in part that "The jurisdiction of the corporate authorities of each town or city, in criminal matters, shall extend one mile beyond the corporate limits of such town or city . . . ."

In *Murray v. Roanoke*, 192 Va. 321, 64 S. E. 2d 804 (1951), the city sought to convict a defendant upon a warrant charging him with keeping a gambling house in violation of the city code, the offense admittedly having occurred in the County of Roanoke outside the corporate limits of the city. In reversing and dismissing the conviction, we said:

"We find nothing in the charter of the city of Roanoke, which expressly or impliedly gives extraterritorial effect to its ordinances or empowers the city to enact ordinances effective beyond its corporate limits. Its ordinances do not of themselves purport to extend their provisions beyond the borders of the city.

"Code, sections 15-560 [presently § 15.1-141] and 17-139 do not purport to extend the effect of municipal ordinances beyond the corporate limits of a city. They are statutes of enforcement of the effective law within the area specified. Their purpose is plain, that is, to prevent the territory contiguous to a city from becoming a refuge for criminals, and to confer on the corporation courts of cities power to enforce the police regulations and law of the area involved." 192 Va. at 326-27, 64 S. E. 2d at 808.

It will be noted that we expressly said that Code § 15.1-141 is a statute of enforcement of *the effective law within the area specified,* and in setting forth the purpose of the statute, we referred to corporation *courts* of cities, using the plural. We meant courts not of record as well as courts of record. The effective law involved here is a state law concerning disorderly conduct, a criminal matter, and the area is a college stadium located within one mile of Charlottesville.

Code § 15.1-141 deals with "jurisdiction" in "criminal matters" and how far such jurisdiction "extends". In *Murray*, and referring specifically to the statute and the meaning of jurisdiction as used therein, we said:

"The question involved arises in the confusion of the meaning of the word 'jurisdiction,' employed in the statutes. 'Jurisdiction,' as applied to judicial proceedings, broadly means the power, right, or authority in the courts to hear, determine, and enforce the law in cases, causes or controversies. It is the power to try and declare the law. It is the authority by which judicial officers take cognizance of, and apply and enforce the law as distinguished from the power to enact law. [Citing authorities.]" 192 Va. at 327, 64 S. E. 2d at 808.

In the instant case we are considering "jurisdiction as applied to judicial proceedings"—the power, right and authority of a municipal court in Charlottesville to try the defendant.

The reliance by defendant upon Code § 15.1-887[1] is misplaced. The General Assembly, by an Act approved April 3, 1962, revised, rearranged, amended and recodified the general laws of Virginia relating to counties, cities and towns. Va. Acts of Assembly 1962, ch. 623. Code § 15.1-141 was reenacted and is included in the chapter and article that deal with "police and public order" in cities and towns. Code § 15.1-887 was reenacted and is included in an article which grants municipal corporations the power to provide and operate certain public facilities within or without the corporate limits, and provides that the lands and buildings used should be under the police jurisdiction of the municipal corporation for the enforcement of its *regulations* respecting the *use* or *occupancy* thereof. The statute gives authority to police officers of the municipal corporation to make ar-

[1] "§ 15.1-887. Police jurisdiction over lands, buildings and structures; jurisdiction of offenses; appeals.—Lands, buildings or structures used for any purpose defined in this article shall be under the police jurisdiction of the municipal corporation for the enforcement of its regulations respecting the use or occupancy thereof. All regular and special police officers of the municipal corporation shall have jurisdiction to make arrests on such land and in such buildings or structures for violations of such regulations. The municipal court having criminal jurisdiction in the municipal corporation shall have jurisdiction in all cases arising thereunder within the municipal corporation, and the county court of the county wherein the offense was committed shall have jurisdiction of such cases arising without the municipal corporation. Appeals may be taken in such cases to the court of record having jurisdiction. (Code 1950 (Suppl.), § 15-77.51; 1958, c. 328; 1962, c. 623.)"

rests on its land and facilities for any *violation of such regulations*. It then provides that municipal courts having criminal jurisdiction in the municipal corporation shall have jurisdiction of all cases arising thereunder within the corporation, and that county courts shall have such jurisdiction if the offense is committed in the county and without the corporate limits of the municipal corporation.

We are not concerned here with a municipal ordinance, or with the enforcement of any regulations of the City of Charlottesville respecting the use or occupancy of any facility described in Article 5, Chapter 18 of Chapter 623, Acts of the 1962 General Assembly [§§ 15.1-873-887 Code of Virginia]. The defendant is being prosecuted for the violation of a state criminal statute.

The municipal court of Charlottesville had jurisdiction to try Squire originally and the court below had jurisdiction on appeal.

The judgment of the lower court is

*Affirmed.*