**Stephen Earl SQUIRE, Appellee,**

v.

**Raymond C. PACE, City Sheriff, Appellant.**

**No. 74–2161.**

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1975.

Decided May 20, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 68.

Linwood T. Wells, Jr., Asst. Atty. Gen. (Andrew P. Miller, Atty. Gen. on brief), for appellant.

John C. Lowe, Charlottesville, Va. (F. Guthrie Gordon, III, Charlottesville, Va., on brief), for appellee.

Before BUTZNER and FIELD, Circuit Judges, and HALL, District Judge.

PER CURIAM:

The Sheriff of the City of Charlottesville, Virginia, appeals from an order of the district court which declared Virginia's disorderly conduct statute to be unconstitutional and granted Stephen Earl Squire a writ of habeas corpus.

At an ROTC review, Squire demonstrated against the Vietnam War by carrying a placard stating "In Vietnam we killed millions to avoid a bloodbath." An official of the University ordered Squire to leave. When he refused, the official confiscated his sign, after a tussle in which no one was hurt. Squire demanded the return of his sign and

---

again refused to leave. Police led him from the stadium without resistance and arrested him for disorderly conduct.

The state trial court instructed the jury that "disorderly conduct is such behavior as tends to disturb peace and good order." It declined to give the following instruction which Squire offered:

> "The peaceful display of the sign being held by the Defendant in this case at the time it was taken from his hands by [the University official] was protected conduct under the First Amendment of the Constitution of the United States and therefore did not constitute disorderly conduct per se."

Squire was sentenced to a term of four months in jail and to pay a fine of $600. His conviction was affirmed by the Supreme Court of Virginia, which granted a writ of error to review his claim that the Municipal Court of Charlottesville lacked territorial jurisdiction but denied a writ to review the constitutionality of Virginia's disorderly conduct statute. Squire v. Commonwealth, 214 Va. 260, 199 S.E.2d 534 (1973).

Squire concedes he could have been prosecuted for criminal trespass. The Commonwealth, however, elected to try him for disorderly conduct, and thus the sole issue presented by this appeal is the constitutionality of the Virginia disorderly conduct statute, Va.Code Ann. § 18.1–253.2 (Cum.Supp.1974). That statute provides in part:

> "If any person behaves in a riotous or disorderly manner in any street, highway, public building, or any other public place, other than those mentioned in the preceding section . . . or causes any unnecessary disturbance in or on any public conveyance, by running through it, climbing through windows or upon the seats, failing to move to another seat when lawfully requested to so move by the operator, or otherwise annoying passengers or employees therein, he shall be guilty of a misdemeanor."

The Supreme Court of Virginia has construed the disorderly conduct statute to include speech, and it has approved a definition which describes the offense as conduct "of a nature to corrupt the public morals or to outrage the sense of public decency, whether committed by words or acts." Hackney v. Commonwealth, 186 Va. 888, 890, 45 S.E.2d 241, 242 (1947). In dictum, the Court has also suggested that the statute may be violated by words having "a vicious or injurious tendency, offensive to good morals or public decency." Taylor v. Commonwealth, 187 Va. 214, 221, 46 S.E.2d 384, 387 (1948).

After carefully examining the issue, the district court concluded that the statute violated three constitutional values: (1) it did not inform a defendant what conduct is proscribed; (2) it allowed policemen, prosecutors, and courts to impose their own personal predilections in determining what should be permissible behavior; and (3) it could inhibit the exercise of first amendment rights because it has been construed to embrace speech, which, unaccompanied by acts, need do no more than outrage the sense of public decency. Squire v. Pace, 380 F.Supp. 269 (W.D.Va.1974). The district court's judgment that the statute is unconstitutionally vague and overbroad in violation of the first and fourteenth amendments of the Constitution rests on sound principles. See, e. g., Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

Affirmed.