**Charlottesville**

KENNETH G. HOAMBRECKER

v.

CITY OF LYNCHBURG

No. 0523-91-3

Decided January 14, 1992

Counsel

Michael T. Garrett (Pendleton, Martin, Henderson & Garrett, on brief), for appellant.

Lee Drewry, Assistant Commonwealth's Attorney (Maurice M. Carey, Jr., Assistant Commonwealth's Attorney, on brief), for

appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of driving while under the influence of alcohol, a second offense. We are asked to determine whether the arresting officer, a member of the Lynchburg City Police Department, had authority to arrest the appellant within one mile of the City of Lynchburg and whether sufficient evidence supports the appellant's conviction of driving under the influence of alcohol in violation of the Lynchburg city ordinance.

Early one morning, Officer Stapleton of the Lynchburg City Police Department was at a gas station located within the city limits of Lynchburg. He received a call at around 1:00 a.m. referring him to a vehicle in Lynchburg heading toward the city limits on Route 460. Responding to the call, Stapleton stationed himself on a ramp off of Route 460, approximately 100 yards outside the city limits, so that he could see any traffic on that road. No access to the highway exists between his position and the city limits of Lynchburg, and his position permitted him to see traffic coming from the direction of the city.

Approximately thirty seconds later, a car matching the description given, and driven by the appellant, passed him. Stapleton followed appellant's vehicle, noticed that he was weaving badly, and stopped him. Stapleton observed that appellant smelled heavily of alcohol, had bloodshot eyes, had slurred speech, and was unsteady on his feet. When Stapleton asked if he had been drinking, appellant replied that he had consumed six beers at a bar in the city and then had driven directly from the bar toward the airport, which is located outside of the city. Stapleton asked appellant to perform a field sobriety test and gave him the option of a blood or breath test. He then arrested appellant for driving under the influence of alcohol. A blood-alcohol test, performed at a hospital after appellant was arrested, indicated that appellant's blood alcohol level was .22 percent.

The magistrate charged appellant with violating a city ordinance. Officer Stapleton testified that he had not arrested appellant under a particular ordinance or statute and that he was una-

ware as to what the magistrate had done. He also testified that he had been outside, but within one mile of, Lynchburg city limits the entire time that he observed, followed, stopped, and arrested appellant. The Commonwealth moved to amend the charge to a violation of Code § 18.2-266, but the trial court denied the motion. The court convicted appellant of driving under the influence of alcohol in violation of Lynchburg ordinance § 25-162, as charged in the warrant for arrest.

Although seemingly related, the authority of the police officer to arrest the appellant and the sufficiency of the evidence to support the conviction are, in this case, separate questions. The authority of the officer to arrest the appellant does not depend on the offense with which the magistrate charged him, but the sufficiency of the evidence does.

We first address the authority of the police officer to arrest the appellant. Municipal police officers have the authority to arrest within their cities or within one mile outside city limits. *See Banks v. Bradley*, 192 Va. 598, 603, 66 S.E.2d 526, 529 (1951); *City of Alexandria v. McClary*, 167 Va. 199, 203, 188 S.E. 158, 160 (1936); *see also* Code § 19.2-250.[1] Code § 19.2-250 does not extend the effect of city ordinances beyond city limits; rather, it confers on city police officers the authority to enforce the statutes of the Commonwealth or law of the jurisdiction involved. *See Kelley v. County of Brunswick*, 200 Va. 45, 48-49, 104 S.E.2d 7, 10 (1958); *Murray v. City of Roanoke*, 192 Va. 321, 326-27, 64 S.E.2d 804, 808 (1951).

Thus, Stapleton had the authority to stop and arrest appellant within one mile of city limits as long as it was for an offense against the Commonwealth or the county in which the arrest was made. Stapleton testified that he arrested appellant under no particular ordinance or statute. We hold that Stapleton had authority to arrest the defendant.

Next, we hold that the evidence was sufficient to support the defendant's conviction for violating the Lynchburg city ordinance. The appellant's location on the highway when Officer Stapleton

---

[1] Code § 19.2-250 extends the jurisdiction of corporate authorities of a city to within one mile of the corporate limits in criminal cases involving offenses against the Commonwealth.

first saw him assured that the appellant had been driving in the City of Lynchburg immediately before he was observed by Stapleton. Appellant's later admissions that he had been drinking at a bar inside the limits of the City of Lynchburg and was driving to the airport corroborated this conclusion. Therefore, it was reasonable for the trier of fact to infer that the appellant had been driving in the City of Lynchburg immediately before and in the same condition as he was when Stapleton observed him. On this evidence, when viewed in the light most favorable to the Commonwealth, "a rational trier of fact could have found the essential elements of [driving while under the influence of alcohol in the City of Lynchburg] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

For these reasons, the judgment of conviction is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.