COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Overton


TANYA PATRICE WASHINGTON

                                                        MEMORANDUM OPINION* BY
v.         Record No. 1866-03-2                         JUDGE ROBERT P. FRANK
                                                        JUNE 1, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                              Timothy J. Hauler, Judge

              (Linwood T. Wells, III, on brief), for appellant.  Appellant
              submitting on brief.

              (Jerry W. Kilgore, Attorney General; Alice T. Armstrong, Assistant
              Attorney General, on brief), for appellee.  Appellee submitting on
              brief.


         Tanya Patrice Washington (appellant) was convicted in a bench trial of grand larceny, in

violation of Code § 18.2-95.  On appeal, she contends the trial court erred in finding the evidence

sufficient to prove the felony.  She concedes sufficiency for a petit larceny charge.  For the reasons

stated, we affirm the conviction.

                                        BACKGROUND

         On October 18, 2002, appellant was in a Kroger supermarket in Chesterfield County.  Scott

Sanders, an employee at Kroger, saw appellant in the baby food aisle.  She had a "cloth-type baby

bag," a shopping cart, a baby carrier, and a child with her.  As Sanders watched, appellant took the

child out of the baby carrier.  She then "flipped" the carrier over so that it covered items she had in

the bottom of the cart.  Sanders also saw appellant put items in the cloth baby bag, although he

---

         * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

could not specifically identify those items. Sanders testified he never saw appellant "discard anything."

Sanders notified the store manager, Laurie Van Cleve. Van Cleve went downstairs to determine if appellant "would pass the point of sale," i.e., the cash registers and the first set of doors to go outside the store. Van Cleve and Sanders watched as appellant walked past the point of sale and into the vestibule of the store with "a cart full of merchandise" that she did not stop to purchase. Van Cleve and Sanders confronted appellant as she walked through the second set of doors and out of the store. Van Cleve advised appellant that she could not leave with the merchandise and had appellant re-enter the store. Once inside, Van Cleve began "going through the merchandise in the cart."

Appellant claimed the items were hers, but she could not produce any receipts when asked. Sanders called the police. At this point, appellant "picked up the baby and the [baby] bags and she walked outside of the foyer, completely out of the store." Van Cleve followed appellant out of the store and "noticed there was [store] merchandise in the bags--the diaper bags." Van Cleve "went to pick up the bags," but appellant struggled with her. Appellant then turned, "hobbled across the parking lot to her ride," and was driven away.

Van Cleve took the recovered items into the store and scanned them to determine their value. The total price of these items was $207.87, including sales tax. Additionally, a customer found another bag in the lobby and brought it to Sanders. The second bag contained store merchandise, as well as baby bottles and letters with appellant's name on them. Van Cleve scanned the items from that bag and determined their value was $59.42. Van Cleve also found appellant's wallet and identification in the baby bag.

A month later, appellant surrendered to the police and gave a written statement to Officer William Francis. She admitted stealing the "stuff in the baby bag," but denied stealing the merchandise in the cart.

ANALYSIS

Appellant concedes she is guilty of petit larceny, but challenges the total value of merchandise taken. Appellant's argument has three components. First, appellant argues the total value of the merchandise found in the baby bag and shopping cart, exclusive of sales tax, does not exceed the "$200 or more" value required for a conviction of grand larceny under Code § 18.2-95(ii). The Commonwealth does not contest this point. Second, appellant contends that, to convict her of grand larceny, the value of the merchandise in the bag found by the customer in the lobby must be added to the value of the other stolen items. Lastly, appellant argues the Commonwealth did not link the "lobby bag" to appellant. Appellant contends that, without this link, the trial court should have considered only the value of the items found in the baby bag and cart. We disagree with appellant's reasoning.

> When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*)).

> \* \* \* \* \* \* \*

> Put another way, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)); see also Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992) (observing that the question on appeal is whether "a rational trier of fact could have found the essential elements" of the convicted

offense).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

Crowder v. Commonwealth, 41 Va. App. 658, 662-63, 588 S.E.2d 384, 386-87 (2003).

The "lobby bag" contained baby bottles and personal documents bearing appellant's name.[1]  While no one saw appellant place the bag in the lobby, the fact finder reasonably could find that appellant stole the items and placed them in that bag.  The baby bottles in the bag were consistent with appellant having a baby with her.  The letters bearing her name certainly link her to the bag.  She had stolen other merchandise from the same store at the same time.  Appellant has never argued that she purchased the items found in the "lobby bag."  In fact, when asked to produce receipts, she failed to do so.  From this evidence, the fact finder could reasonably infer appellant stole the items in the "lobby bag."  The inferences drawn from proven facts are within the province of the fact finder.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert. denied, 124 S. Ct. 444 (2003).

We find the evidence is sufficient to convict appellant of grand larceny.

Affirmed.

_____

[1] Appellant argues neither the "lobby bag" nor the letters were offered into evidence.  She is correct that these items were not physically introduced into evidence.  However, Van Cleve testified she saw the bag, the baby bottles, and the letters "that had [appellant's] name on it."  Therefore, evidence describing the bag and letters was before the trial court.  While the physical evidence might have provided stronger proof, testimony about the items is acceptable.  For example, the prosecution is not required to introduce a body into evidence in a murder trial, but instead can present testimony from witnesses.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  Additionally, the admissibility of this evidence is not before us on appeal.