COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Senior Judge Frank
Argued by teleconference

UNPUBLISHED

JOSEPH MICHAEL BISTA

MEMORANDUM OPINION[*] BY
v.      Record No. 0432-15-1         JUDGE ROBERT P. FRANK
DECEMBER 15, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Michael E. McGinty, Judge

J. Terry Osborne for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Joseph Michael Bista, appellant, was convicted in a bench trial of (a) driving under the

influence, third offense, in violation of Code § 18.2-266, (b) driving while his license was revoked

and while in violation of Code § 18.2-266 after having been previously convicted of violating Code

§ 18.2-266 in violation of Code § 46.2-391(D)(2)(a)(ii), and (c) refusing to have a sample of his

breath or blood taken for testing, subsequent offense, in violation of Code § 18.2-268.3.  On appeal,

appellant maintains that the Circuit Court for the City of Williamsburg had no venue to try his cases.

For the reasons stated, we affirm his convictions.

BACKGROUND

The facts are not in controversy.  On May 13, 2014, appellant was at a convenience store

located in York County where he was observed by a City of Williamsburg police officer.  The

officer estimated that the store was "six-tenths of a mile outside the [Williamsburg] city line."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Ultimately, appellant was arrested at the convenience store in York County for driving while intoxicated and driving with a revoked license. He was transported to the Virginia Peninsula Regional Jail where he refused to submit to a breath test. The trial court found that the City of Williamsburg was the proper venue for the charges and convicted appellant of the charges.

This appeal followed.

ANALYSIS

To resolve proper venue in this case, we must interpret Code §§ 19.2-249 and 19.2-250. We first note that generally, venue lies where the offense took place. Code § 19.2-244.[1] However, Code §§ 19.2-249 and 19.2-250 provide exceptions by extending venue in certain circumstances.

> An offense committed on the boundary of two counties, or on the boundary of two cities, or on the boundary of a county and city, or within 300 yards thereof, may be alleged to have been committed, and may be prosecuted and punished, in either county, in either city, or the county or city, and any sheriff, deputy sheriff, or other police officer shall have jurisdiction to make arrests and preserve the peace for a like distance on either side of the boundary line between such counties, such cities, or such county and city.

Code § 19.2-249.

> A. Notwithstanding any other provision of this article and except as provided in subsection B hereof, the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the Commonwealth one mile beyond the corporate limits of such town or city; except that such jurisdiction of the corporate authorities of towns situated in counties having a density of population in excess of 300 inhabitants per square mile, or in counties adjacent to cities having a population of 170,000 or more, shall extend for 300 yards beyond the corporate limits of such town or, in the case of the criminal jurisdiction of an adjacent county, for 300 yards within such town.

> B. Notwithstanding any other provision of this article, the jurisdiction of the authorities of Chesterfield County and Henrico

---

[1] Code § 19.2-244(A) provides, "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."

County, in criminal cases involving offenses against the Commonwealth, shall extend one mile beyond the limits of such county into the City of Richmond.

Code § 19.2-250.

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review *de novo*." Conyers v. Martial Arts World, 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

"Principles of statutory construction mandate that we 'give effect to the legislative intent.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Scott v. Commonwealth, 14 Va. App. 294, 296, 416 S.E.2d 47, 48 (1992)). "[T]he general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998). "And, when multiple 'statutes concern[] the same subject,' we construe them together 'to avoid conflict between them and to permit each of them to have full operation according to their legislative purpose.'" Kirby v. Commonwealth, 63 Va. App. 665, 670, 762 S.E.2d 414, 416 (2014) (quoting Eastlack v. Commonwealth, 282 Va. 120, 125-26, 710 S.E.2d 723, 726 (2011)).

"If the statute imposes a disability for the purposes of punishment - that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal." Kitze v. Commonwealth, 23 Va. App. 213, 216, 475 S.E.2d. 830, 832 (1996) (quoting Trop v. Dulles, 356 U.S. 86, 96 (1958)). Code §§ 19.2-249 and 19.2-250 specify the jurisdiction involving criminal cases and are not penal in nature, thus, the cardinal principle of law that penal statutes are strictly construed against the Commonwealth is not applicable in this case. See Kirby, 63 Va. App. at 672 n.6, 762 S.E.2d at 417 n.6 (finding that Code § 19.2-250 was not a penal statute but simply prescribed the jurisdiction involving criminal cases).

Appellant argues Code § 19.2-249 controls, thus, the offense must be committed no more than 300 yards from the boundary line of the City of Williamsburg for venue to lie in the City of Williamsburg. The Commonwealth argues Code § 19.2-250 controls, thus, if the offense was committed within one mile of the City of Williamsburg, venue was proper in the City of Williamsburg.

Code § 19.2-249 addresses venue when an offense is committed on the boundary of two counties, two cities, a city and a county, or within 300 yards of that boundary. By its express terms, Code § 19.2-249 focuses on the close proximity to the two political subdivisions, i.e., on the boundary or within 300 yards of that boundary. The statute then provides concurrent jurisdiction in the county or city for the arrest, prosecution, and punishment. Thus, the statute extends the boundary of each political subdivision 300 yards on either side of the boundary.

We should note that the offense did not occur within 300 yards of the City of Williamsburg nor York County boundaries. Under these facts, Code § 19.2-249 does not apply to establish venue.

Since Code § 19.2-249 is inapplicable to the facts of this case, we must address Code § 19.2-250(A). That section extends municipal boundaries beyond the city/town limits for one mile. It does not extend the *boundary* adjoining political subdivisions into the city/town. The purpose of Code § 19.2-250 is "to prevent the territory contiguous to a city from becoming a refuge for criminals, and to confer on the corporation courts of the cities the power to enforce the police regulations and law of the area involved." Murray v. Roanoke, 192 Va. 321, 326-27, 64 S.E.2d 804, 808 (1951).

We hold that Code § 19.2-250(A) clearly allows venue in the City of Williamsburg. It is undisputed the offense occurred within one mile of the City of Williamsburg boundary.[2]

Appellant contends Code § 19.2-249 confers venue and Code § 19.2-250 does not address venue, thus limiting the extra-territorial distance to 300 yards. However, case law belies appellant's contention.

In Squire v. Commonwealth, 214 Va. 260, 199 S.E.2d 534 (1973), Squire was tried in the City of Charlottesville for an offense occurring in Albemarle County and within one mile of the corporate limits of the City of Charlottesville. Id. at 260, 199 S.E.2d at 535. Citing Code § 19.2-250(A) (then Code § 15.1-141) the Supreme Court concluded that the City of Charlottesville was the proper venue. Squire, 214 Va. at 263, 199 S.E.2d at 537.

Clearly, the jurisdiction mentioned in both statutes is territorial jurisdiction.

Essentially, Code § 19.2-250(A) makes one mile the operative distance, not the 300 yards stated in Code § 19.2-249. We cannot ignore the unambiguous plain and obvious meaning of the words chosen by the legislature. See Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (finding that "[l]anguage is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously"). Clearly the legislature intended for Code § 19.2-250(A) to control venue under the facts of this case.

On appeal, appellant further argues there was no evidence that the City of Williamsburg was a corporation or that the City of Williamsburg Police Department, the arresting officer, or the Circuit Court of the City of Williamsburg were corporate authorities, thus, making Code

---

[2] We note that if the prerequisites of both Code §§ 19.2-249 and 19.2-250 are met, venue could lie under either code provision. See Boatwright v. Commonwealth, 50 Va. App. 169, 172 n.5, 647 S.E.2d 515, 517 n.5 (2007). For example, if a defendant was charged with an offense against the Commonwealth and it occurred within 300 yards of the boundary between two political subdivisions, venue would lie in either political subdivision.

§ 19.2-250 inoperative. Appellant failed to make those arguments below, and Rule 5A:18 bars consideration of them on appeal.

In his motion to strike and closing argument, appellant argued Code § 19.2-249 applied, thus, requiring venue to be in York County. At no time did appellant argue the elements of Code § 19.2-250(A) had not been proven nor that the Commonwealth did not prove the City of Williamsburg had no corporate authority to arrest outside the City of Williamsburg's corporate limits. Appellant also does not argue that the good cause or ends of justice exceptions to Rule 5A:18 apply, and we will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant further maintains that the refusal charge should also have been tried in York County, but concedes a refusal charge must be prosecuted where the driving under the influence charge is tried. See Code § 18.2-268.4 (venue for the trial for a refusal charge lies in the court in which the driving under the influence charge is tried). Since we conclude the City of Williamsburg was a proper venue for the driving under the influence charge, it was also a proper venue for the refusal charge.

Based upon the foregoing, we affirm appellant's convictions.

Affirmed.