COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


SHANNON MICHAEL BREITBACH
                                              OPINION BY
v.    Record No. 1808-00-2       JUDGE JERE M. H. WILLIS, JR.
                                             JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUISA COUNTY
                      Daniel R. Bouton, Judge

            Stephen C. Harris (Graven W. Craig; Graven W.
            Craig, PLLC, on brief), for appellant.

            Thomas M. McKenna, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     On appeal from his conviction of operating a motor vehicle

while under the influence of alcohol, in violation of Code

§ 18.2-266, Shannon Michael Breitbach contends that the trial

court erred in denying his motion to suppress.  Breitbach argues

that because the arresting officer acted outside his territorial

jurisdiction, the traffic stop was unlawful and the resulting

evidence was inadmissible.  We disagree and affirm the conviction.

                      I.  BACKGROUND

     In reviewing the trial court's denial of the motion to

suppress, we view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences deducible

therefrom.  See Giles v. Commonwealth, 28 Va. App. 527, 532, 507

S.E.2d 102, 105 (1998).  Although we review the trial court's findings of historical fact only for "clear error," we review de novo the trial court's application of defined legal standards to the facts of the case.  See id.

On August 29, 1999, Breitbach was operating a motor vehicle heading out of the Town of Louisa into Louisa County.  Before Breitbach had passed a point one mile from the town limits, Aubrey O. Robertson, police officer for the Town of Louisa, using his moving radar, clocked Breitbach's speed at seventy miles per hour in a posted fifty-five miles per hour zone.  At that time, Officer Robertson's vehicle was located outside of one mile from the town limits, but Breitbach's speeding car was within that limit.  Turning while still outside one mile from the town limits, Officer Robertson pursued and stopped Breitbach.  Based on his observations of Breitbach, Officer Robertson arrested him and charged him with driving while intoxicated.

Officer Robertson wore a Town of Louisa police uniform and displayed a Town of Louisa police badge during the incident.

Breitbach moved to suppress all evidence obtained upon the traffic stop, arguing that the stop was unlawful because Officer Robertson lacked authority to act as a police officer or to operate radar outside one mile from the Louisa town limits.  The trial court denied the motion.

## II.  ANALYSIS

Code § 19.2-250 provides that, in criminal cases involving offenses against the Commonwealth, the jurisdiction of a city or town "shall extend within the Commonwealth one mile beyond the corporate limits of such town or city . . . ."

In discussing the purpose of predecessor statutes substantially similar to Code § 19.2-250, the Supreme Court of Virginia stated:

> "Code, sections 15-560 and 17-139 do not purport to extend the effect of municipal ordinances beyond the corporate limits of a city.  They are statutes of enforcement of the effective law within the area specified. Their purpose is plain, that is, to prevent the territory contiguous to a city from becoming a refuge for criminals and to confer on the corporation courts of cities power to enforce the police regulations and law of the area involved."

Squire v. Commonwealth, 214 Va. 260, 261, 199 S.E.2d 534, 536 (1973) (quoting Murray v. Roanoke, 192 Va. 321, 326-27, 64 S.E.2d 804, 808 (1951)).

Inasmuch as the purpose of the statute is the effective enforcement of the law within the extended boundary, it is irrelevant where the arresting officer was located when he observed the speeding violation.  The relevant question is whether the offense occurred within the Town of Louisa's jurisdiction as defined by Code § 19.2-250.

Citing Code § 46.2-882, Breitbach contends that because Officer Robertson was acting as a Town of Louisa officer and

-

wearing a Town of Louisa uniform and badge, he was authorized to operate radar and to make consequent arrests for speeding only within the one-mile radius from the Town of Louisa's corporate limit. He argues that because Officer Robertson operated the radar while outside the one-mile limit, the resulting information was unlawfully obtained and could not serve as the predicate for a lawful stop. He argues that Officer Robertson's stopping him was thus unlawful and violative of the Fourth Amendment and that all resulting evidence should have been suppressed. We reject this argument.

Although Officer Robertson was located outside the one-mile limit, he employed the radar to observe events within that limit. So acting, he perceived circumstances that gave him probable cause to believe that Breitbach was speeding within the one-mile limit. These observations supported Officer Robertson's hot pursuit of Breitbach. See Neiss v. Commonwealth, 16 Va. App. 807, 809-10, 433 S.E.2d 262, 264 (1993). The resulting stop, observations of Breitbach, and driving while intoxicated charge were thus amply supported and proper.

The judgment of the trial court is affirmed.

Affirmed.

-