COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia


QUINDELL MONTRAE KIRBY

                                                          OPINION BY
v.         Record No. 2307-12-2          JUDGE ROSSIE D. ALSTON, JR.
                                                    SEPTEMBER 2, 2014

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Harold W. Burgess, Jr., Judge

            Todd M. Ritter (Daniels, Williams, Tuck & Ritter, on brief), for
            appellant.

            Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
            Attorney General; Donald E. Jeffrey, III, Senior Assistant Attorney
            General, on brief), for appellee.


        Quindell Kirby ("appellant") was tried and convicted of second-degree murder and use of

a firearm in the commission of a felony.  On appeal, he contends that the trial court erred when it

denied his motion objecting to venue in Chesterfield County.  He argues that venue was

appropriate in the City of Richmond under Code § 19.2-247,[1] because the evidence did not

---

[1] Code § 19.2-247 states,

            Where evidence exists that a homicide has been committed either
            within or without this Commonwealth, under circumstances which
            make it unknown where such crime was committed, the offense shall
            be amenable to prosecution in the courts of the county or city where
            the body of the victim may be found . . . as if the offense has been
            committed in such county or city.

establish the location of the offenses and the victim's body was found in the City of Richmond.[2]

Finding venue appropriate in Chesterfield County, we affirm the trial court.

BACKGROUND

On the morning of October 18, 2011, Richmond police officers discovered the body of a man who had been shot and killed. The victim's body was found in the City of Richmond but only 160 feet from the Chesterfield County border. The murder investigation was later transferred to the Chesterfield County Police Department, and appellant was indicted in Chesterfield County for murder and use of a firearm in the commission of a felony.

At trial, the Commonwealth was unable to present evidence establishing the location of the murder.[3] Appellant therefore raised a motion objecting to venue in Chesterfield County. Citing Code § 19.2-247, which establishes venue for homicide prosecutions in the county or city where "the body of the victim [was] found" when it is otherwise "unknown where such crime was committed," appellant argued that Chesterfield County was not the proper venue for trial. He asserted that Code § 19.2-247 mandated venue in Richmond.

While acknowledging that the victim's body was found in Richmond, the Commonwealth argued that venue was appropriate in Chesterfield County because Code § 19.2-250(B) extends

---

[2] For the first time on appeal, appellant contends that venue for the charge of use of a firearm in the commission of a felony was improper in Chesterfield County because Code § 19.2-247 is "specific to the crime of homicide and does not, by its language, embrace other attendant crimes." This argument was not raised before the trial court. Indeed, appellant argued just the opposite at trial, asserting that Code § 19.2-247 controlled his prosecution and mandated venue in the City of Richmond. See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999) (making one specific argument on an issue does not preserve a separate legal point on the same issue for review). Because this argument was not presented to the trial court, we will not consider it for the first time on appeal. See Rule 5A:18 (stating that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling"). Accordingly, we consider only appellant's claim that Code § 19.2-247 mandated venue in Richmond.

[3] The Commonwealth concedes this point on brief.

Chesterfield County's "jurisdiction . . . in criminal cases involving offenses against the Commonwealth . . . one mile beyond the limits of such county into the City of Richmond." Relying on the fact that the victim's body was found within Chesterfield County's extended jurisdiction, the Commonwealth argued that the trial court should construe Code §§ 19.2-247 and 19.2-250(B) interdependently and determine that appellant was amenable to prosecution in Chesterfield County.

The trial court denied appellant's motion objecting to venue. Appellant was subsequently convicted of second-degree murder and use of a firearm in the commission of a felony. He was sentenced to seventeen years' imprisonment for the charge of second-degree murder and three years' imprisonment for the charge of use of a firearm in the commission of a felony.

This appeal followed.

ANALYSIS

Appellant contends that Code § 19.2-247 mandates venue in Richmond, as that is where the victim's body was located. Code § 19.2-247 provides a specialized venue rule for homicide prosecutions where "it [is] unknown where such crime was committed." In those circumstances, appellant states, Code § 19.2-247 establishes venue in the city or county where the body was found. Because the evidence at trial did not prove where the victim was murdered, appellant contends that Code § 19.2-247 controls and venue was appropriate where the victim's body was located. This conclusion, appellant asserts, is dictated by the "plain reading of the statute[]," which "limit[s] prosecution to Richmond alone, and not Chesterfield [County]."

The Commonwealth, on the other hand, asks this Court to read Code § 19.2-247 "in pari materia" with Code § 19.2-250(B) and find venue appropriate in Chesterfield County.[4] Code § 19.2-250(B) states that in criminal cases "the jurisdiction of the authorities of Chesterfield County . . . shall extend one mile beyond the limits of such county into the City of Richmond." Thus, notwithstanding that the victim's body was found within the City of Richmond, the Commonwealth contends that prosecution was appropriate in Chesterfield County because the victim's body was within the one-mile border addressed in Code § 19.2-250.

We review questions of statutory construction *de novo*. See Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). Our review is guided by oft-stated rules of statutory construction. "'When statutory construction is required, we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used.'" O'Neil v. O'Neil, 60 Va. App. 156, 157-58, 724 S.E.2d 247, 248 (2012) (quoting Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533-34 (1994)). We determine the purpose of a statute by taking and comparing together "'the whole and every part of the statute . . . , giving to every word and every part of the statute, if possible, its due effect and meaning[.]'" Epps v. Commonwealth, 46 Va. App. 161, 187, 616 S.E.2d 67, 80 (2005) (quoting Posey v. Commonwealth, 123 Va. 551, 553 S.E. 771, 771 (1918)), rev'd on other grounds, 47 Va. App. 687, 626 S.E.2d 912 (2006) (en banc). And, when multiple "statutes concern[] the same subject," we construe them together "to avoid conflict between them and to permit each of them to have full operation according to their legislative purpose." Eastlack v. Commonwealth, 282 Va. 120, 125-26, 710 S.E.2d 723, 726 (2011) (citations omitted).

---

[4] *In pari materia* "is a canon of construction that statutes that [concern the same subject] may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." Black's Law Dictionary 911 (10th ed. 2014).

Guided by these principles of statutory construction, we consider whether appellant's offense was amenable to prosecution in Chesterfield County. As a general rule, a crime must be tried where it occurred. See Code § 19.2-244. Code § 19.2-247, however, provides an exception for homicide prosecutions to which this general rule is inapposite. See Code § 19.2-247 (establishing venue for homicides where it is unknown where the crime occurred). But even so, Code § 19.2-247 underscores the general preference that crimes be tried where they were committed by treating homicides that occur "under circumstances which make it unknown where such crime was committed," *as if they were committed* in the city or county in which the victim's body was located. Code § 19.2-247 thereby creates an identifiable venue in which to try homicides committed "under circumstances" similar to this case.

The plain language of Code § 19.2-250(B) also is clear. It is a specific grant of territorial jurisdiction to the courts of Chesterfield County. See Smith v. Commonwealth, 56 Va. App. 351, 359, 693 S.E.2d 765, 769 (2010) (defining territorial jurisdiction as "'authority over persons, things, or occurrences located in a defined geographic area'" (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 703 (2010))). The statute extends the geographic boundary of Chesterfield County to one mile within the corporate limits of the City of Richmond and confers on the courts of Chesterfield County the power to enforce the law of the area in question.[5] See Brietbach v. Commonwealth, 35 Va. App. 604, 607-08, 546 S.E.2d

---

[5] Appellant argues that the term jurisdiction, as it is used in Code § 19.2-250, refers to the circuit court's "authority . . . to adjudicate concerning the subject matter of a given case," thus rendering Code § 19.2-250 a statute conferring subject matter jurisdiction on the Circuit Court of Chesterfield County.

We disagree. The jurisdiction referenced in Code § 19.2-250 is a grant of territorial jurisdiction. See Smith, 56 Va. App. at 359, 693 S.E.2d at 769 (defining territorial jurisdiction as "authority over persons, things, or occurrences located in a defined geographic area"). It is distinct from the subject matter jurisdiction conferred on circuit courts under Code § 17.1-513. See Code § 17.1-513 (stating that the circuit courts shall have "original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors").

764, 766 (2001) (stating that the purpose of Code § 19.2-250(A) is to "confer on the . . . courts . . . power to enforce the . . . law of the area involved"). In effect, the statute grants Chesterfield County "concurrent criminal jurisdiction" within the one-mile boundary. See Garza v. Commonwealth, 228 Va. 559, 566, 323 S.E.2d 127, 131 (1984) (interpreting Code § 17.1-126.2, which grants Roanoke County territorial jurisdiction -i.e., venue - over criminal offenses committed on property or buildings within the City of Salem that are owned or operated by Roanoke County, as conferring concurrent criminal jurisdiction on Roanoke County). Thus, offenses committed within the statutory boundary may be prosecuted within Chesterfield County. See Brietbach, 35 Va. App. at 607-08, 546 S.E.2d at 766 (applying Code § 19.2-250(A) and stating that "[t]he relevant question is whether the offense occurred within the . . . [defined] jurisdiction").

Appellant concedes this general interpretation of Code § 19.2-250(A) but maintains that it does not follow that Chesterfield County has authority to prosecute homicides that were not proven to have occurred in the statutory boundary simply because the victim's body was located there. Appellant asserts that Code § 19.2-250 refers only to crimes "committed in the City of Richmond, but within [one] mile of the Chesterfield [County] Border," but not crimes committed "at an unknown location." Appellant misconstrues Code § 19.2-247. Code § 19.2-247 does not simply establish venue in the city or county in which the body of the victim was located; *it treats the homicide as if it was committed there.* This consideration is critical to the resolution of the matter presented. It highlights where Code §§ 19.2-247 and 19.2-250(B) converge and explains

_____

As the Supreme Court of Virginia has explained in response to a similar argument, "if Code [§ 19.2-250] dealt with subject matter jurisdiction, such a construction would render the Code § 17.1-513 grant of 'original jurisdiction of all . . . felonies' to all circuit courts to be meaningless and superfluous. Such a construction is to be avoided." Porter v. Commonwealth, 276 Va. 203, 230, 661 S.E.2d 415, 427 (2008). Accordingly, we decline appellant's invitation to read Code § 19.2-250 as conferring subject matter jurisdiction.

- 6 -

why the statutes must be read together. Because the parties concede that the victim's body was located in "the City of Richmond, but within [one] mile of the Chesterfield [County] Border," we must treat the homicide as if it occurred there. That conclusion renders this case straightforward. If Code § 19.2-250 permits prosecution in Chesterfield County for offenses committed in the City of Richmond but within the one-mile border (which appellant concedes), then it must also permit prosecution in Chesterfield County for those offenses that Code § 19.2-247 treats *as if they were committed* within the same area.[6] In either case, the relevant code sections make the offense amenable to prosecution in Chesterfield County. Thus, when we construe together Code §§ 19.2-247 and 19.2-250(B), it is plain that Chesterfield County was the appropriate venue in which to prosecute appellant.

Because we find that Code §§ 19.2-247 and 19.2-250 when read together permit prosecution of appellant in Chesterfield County, we affirm the trial court.

Affirmed.

---

[6] Appellant dismisses such reasoning, contending that construing together Code §§ 19.2-247 and 19.2-250 enlarges the authority of Chesterfield County to prosecute criminal cases under Code § 19.2-250, in violation of the "cardinal principle of law" that penal statutes are to be strictly construed. Code § 19.2-250, however, is not penal in nature. See Klitz v. Commonwealth, 23 Va. App. 213, 216, 475 S.E.2d 830, 832 (1996) ("'If [a] statute imposes a disability for the purpose of punishment – that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal.'" (quoting Trop v. Dulles, 356 U.S. 86, 96 (1958) (plurality opinion))). Rather, the statute simply prescribes Chesterfield County's jurisdiction involving criminal cases as extending one mile into the City of Richmond from its border with Chesterfield County. Thus, this "cardinal principle of law" is not applicable.