COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and Russell
Argued at Winchester, Virginia


OWEN FRANKLIN SILVIOUS

v.        Record No. 1518-16-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
OCTOBER 3, 2017

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

Owen F. Silvious, *pro se*.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Owen Franklin Silvious appeals a circuit court order extending his term of supervised

probation.  His single assignment of error challenges whether the circuit court had subject matter

jurisdiction when it took that action.  We hold that when the circuit court acted, it retained subject

matter jurisdiction.  Consequently, we affirm the circuit court's ruling.

I.  BACKGROUND

In 2002, the appellant was sentenced for three counts of obtaining money by false pretenses.

The circuit court sentenced him to a combined twenty years and twelve months of incarceration.

The court ordered an active sentence of one year and one month, with nineteen years and eleven

months suspended.  The order conditioned the suspension upon supervised probation that included

the requirement that the appellant pay approximately $38,000 in restitution.  The order did not

provide specific terms regarding a payment plan.

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Ten years later, in 2012, the circuit court found the appellant in violation of the terms and conditions of his supervised probation.[1]  The court revoked one year of the significant previously suspended sentence and extended the appellant's supervised probation for three years, "upon his release[,] . . . on the same terms and conditions" as in the 2002 order.  The court also ordered that the appellant "upon his release shall pay the . . . restitution on a schedule" as set out in the order.

About four years later, by letter filed in the circuit court on July 21, 2016, the appellant's probation officer represented that the appellant had been "released" to his three years of supervised probation on July 15, 2013, and that it was scheduled to expire on July 15, 2016.  The probation officer also informed the court that the appellant had adjusted satisfactorily to supervision and made timely payments but that he still owed over $34,000 of restitution.  She concluded by asking the court to extend the appellant's supervised probation "indefinitely until his restitution can be paid in full."

The appellant filed a written response contending that his probation had "ended" on July 15, 2016, and questioning whether the court had "jurisdiction" to extend it once it had "expired by lapse of time."  He also stated, presumably in alternative fashion, that he had "no objection" to extending his probation until February 2018.

In a hearing on August 15, 2016, the appellant relied on his written objection to extending his probation.  The circuit court replied, "I can extend your supervised probation indefinitely until your restitution is paid for.  I'm not tied down into this 2018 date . . . ."  The appellant responded that he was "okay with that."  By order entered on August 16, 2016, the circuit court extended the appellant's supervised probation "indefinitely," on the same terms and conditions as in the 2002 order, "until all restitution is paid in full."

---

[1] Although not reflected in the circuit court record, the appellant represents on brief that he was convicted of a federal offense in 2005 and that it was this federal conviction that supported the 2012 probation revocation.

## II. ANALYSIS

The appellant's single assignment of error alleges that the circuit court "did not have subject matter jurisdiction" to extend his probation. He argues that this is so because the court did not act until the probationary term had already expired by operation of law. The Commonwealth responds that the appellant remained under a suspended sentence at the time and, consequently, that the court retained subject matter jurisdiction to act. The Commonwealth further argues that the appellant waived the right to object to any errors that did not implicate the circuit court's subject matter jurisdiction.

### A. Scope of the Assignment of Error

All litigants, even those proceeding *pro se*, must comply with the Rules of Court. See Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656 (1987). It is well established that the "right of self-representation is not a license . . . not to comply with the relevant rules of procedural and substantive law." Justus v. Commonwealth, 222 Va. 667, 680, 283 S.E.2d 905, 912 (1981) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)).

Rule 5A:12(c)(1) provides in relevant part that "the petition [for appeal] shall list, clearly and concisely . . . , the specific errors in the rulings below upon which the party intends to rely." It further directs that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court." Rule 5A:12(c)(1)(i). Additionally, Rule 5A:12(c) "contains no 'good cause' or 'ends of justice' exceptions." Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998). Accordingly, under the applicable rule, once an appeal has been granted, this Court is strictly limited to reviewing the specific assignment of error presented by the appellant in the petition. See Whitt v. Commonwealth, 61 Va. App. 637, 646-47, 739 S.E.2d 254, 259 (2013) (*en banc*); see also Va. Dep't of Transp. v. Fairbrook Bus. Park Assocs., 244 Va. 99, 105, 418 S.E.2d 874, 878 (1992) (declining under the Supreme Court's similar Rule

5:17(c)(1) to consider the appellant's argument because it was "not within the scope of the assigned error"), cited with approval in Woodard v. Commonwealth, 287 Va. 276, 280-81, 754 S.E.2d 309, 312 (2014).

Here, the appellant's assignment of error expressly references only "subject matter jurisdiction." As discussed in greater detail below, "there is a significant difference between subject matter jurisdiction and . . . other 'jurisdictional' elements." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008) (quoting Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990)). Consequently, we consider only the narrow issue properly before us on appeal—whether the circuit court had subject matter jurisdiction to extend the appellant's probation after the probationary period had expired but while the appellant was still subject to a suspended sentence.[2]

## B. Subject Matter Jurisdiction

In an appeal involving the jurisdiction of the circuit court, the appellate court reviews the issue under a *de novo* standard. See, e.g., Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013). Although a "cardinal principle of law" is that "penal statutes are to be strictly construed" against the Commonwealth, this principle does not apply to the interpretation of statutes that "prescribe[] . . . jurisdiction" in criminal cases. Kirby v. Commonwealth, 63 Va. App. 665, 672 n.6, 762 S.E.2d 414, 417 n.6 (2014). Additionally, probation statutes "provide a remedial tool in the rehabilitation of criminals and, to that end, should be liberally construed." Wilson v. Commonwealth, 67 Va. App. 82, 89, 793 S.E.2d 15, 18 (2016).

---

[2] A challenge to a court's subject matter jurisdiction is not waivable and may be raised for the first time on appeal. See, e.g., Porter, 276 Va. at 228, 661 S.E.2d at 426-27 (citing Morrison, 239 Va. at 169-70, 387 S.E.2d at 755-56). Therefore, we do not consider whether the appellant challenged the circuit court's subject matter jurisdiction below.

Jurisdiction admittedly "is a term [that] can engender much confusion because it encompasses a variety of separate and distinct legal concepts." Porter, 276 Va. at 228, 661 S.E.2d at 426. However, the scope of the term *subject matter* jurisdiction, which is only one of several types of jurisdiction, is more limited and has been clarified significantly through case law. See Mohamed v. Commonwealth, 56 Va. App. 95, 99, 691 S.E.2d 513, 514 (2010). Subject matter jurisdiction is merely "'potential'" jurisdiction over a class of cases that is granted "by constitution or statute." Ghameshlouy v. Commonwealth, 279 Va. 379, 388, 689 S.E.2d 698, 702 (2010) (quoting Bd. of Supers. v. Bd. of Zoning Appeals, 271 Va. 336, 344 n.2, 626 S.E.2d 374, 379 n.2 (2006)). This potential jurisdiction becomes "'active' jurisdiction, the power to adjudicate a particular case upon the merits, only when various [additional] elements [beyond subject matter jurisdiction] are present." Id. at 388-89, 689 S.E.2d at 702-03 (quoting Bd. of Supers., 271 Va. at 343, 626 S.E.2d at 379).

In short, "[s]ubject matter jurisdiction is conferred by statute according to the *subject* of the case, . . . rather than according to a particular proceeding that may be one part of [the] case." Mohamed, 56 Va. App. at 99-100, 691 S.E.2d at 515 (quoting In re Commonwealth, 278 Va. 1, 11, 677 S.E.2d 236, 240 (2009)). A court's jurisdiction over the subject matter "is determined at the time the litigation is filed and, once established, remains until the termination of the litigation." E.C. v. Va. Dep't of Juv. Justice, 283 Va. 522, 527-28, 722 S.E.2d 827, 829 (2012). "[I]ntervening events may affect the nature of the relief available," but "they do not end or extinguish the [subject matter] jurisdiction of the Court." Id. at 528, 722 S.E.2d at 830.

We considered a similar challenge to a circuit court's subject matter jurisdiction in Mohamed v. Commonwealth, 56 Va. App. 95, 691 S.E.2d 513, which involved the revocation of a suspended sentence. We noted that "the General Assembly has granted [the circuit] court[s] subject matter jurisdiction over the specific class of cases of which [the defendant's] case [was] a

member—the prosecution *and the rehabilitation of criminals*." Id. at 100, 691 S.E.2d at 515 (emphasis added) (observing that Code § 17.1-513 accords to Virginia's circuit courts "original jurisdiction of all indictments for felonies and of presentments, informations, and indictments for misdemeanors" (quoting Porter, 276 Va. at 229, 661 S.E.2d at 427)). We further recognized that proceedings for the revocation of probation and suspension of sentence "are part of the criminal process entrusted to the circuit courts by the General Assembly." Id. (citing Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002)); see Code §§ 19.2-304, -306. We emphasized that the circuit court, "'[w]ithout question,' . . . had the requisite 'potential jurisdiction[] to consider' any matter related to the criminal process as set forth in Code § 17.1-513," including the defendant's revocation proceeding. Mohamed, 56 Va. App. at 100, 691 S.E.2d at 515 (third alteration in original) (quoting Ghameshlouy, 279 Va. at 389, 689 S.E.2d at 703). Consequently, we concluded that because the defendant remained under a suspended sentence when the circuit court revoked his probation, it had subject matter jurisdiction to act. See id. at 98-103, 691 S.E.2d at 514-17.

We hold that the result is the same in the appellant's case. Although the circuit court did not purport to revoke any portion of the appellant's remaining suspended sentence of eighteen years and eleven months, it retained the "potential" jurisdiction to do so and to impose conditions on that suspension. See Code § 19.2-306. Therefore, while the court retained authority over the appellant's suspended sentence, it had the requisite subject matter jurisdiction to place him on probation. See Wilson, 67 Va. App. at 90-95, 793 S.E.2d at 19-22 (holding that the circuit court lacked subject matter jurisdiction to extend the defendant's probation where the periods of probation *and* suspension of sentence had expired); Dunham v. Commonwealth, 59 Va. App. 634, 639-40, 721 S.E.2d 824, 827 (holding that the circuit court had subject matter jurisdiction to revoke the suspended sentence where the period of suspension had not yet expired), aff'd, 284

- 6 -

Va. 511, 733 S.E.2d 660 (2012) (*per curiam*). Any error the circuit court may have committed in the way in which it extended the appellant's probation did not defeat its subject matter jurisdiction to act, and the defect, if any, was both waivable and waived on the facts of this case.[3] See Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 146 (1995) (noting that a circuit court "has jurisdiction to err" and that if "the inferior court has jurisdiction of the subject matter of the controversy, . . . a mistaken exercise of that jurisdiction does not render its judgment void" (first quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 436, 122 S.E. 141, 147 (1924); and then quoting Cty. Sch. Bd. v. Snead, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956))).

Additionally, the appellant asserts in his reply brief that he was no longer under a suspended sentence when the circuit court placed him on indefinite probation in 2016.[4] He suggests that the circuit court's 2012 revocation order "replaced" the original 2002 sentencing order "except as to the terms and conditions of probation." As a result, he contends that the 2012 revocation order, which imposed one year of incarceration but was silent regarding the eighteen years and eleven months remaining on the originally pronounced term, did not "implicitly resuspend the remainder." Based on this analysis, the appellant asserts that the circuit court lacked subject matter jurisdiction to extend his probation after it expired on July 15, 2016, because he was no longer under a suspended sentence at that time.

This argument is not supported by the law governing the revocation of suspension of sentence. Established principles provide that when a court's revocation order does not expressly resuspend the balance of a defendant's sentence, it does not "implicitly discharge the remaining

---

[3] Concededly, the appellant's arguments challenging the circuit court's authority to extend his probation are logical. However, the constraints of Rule 5A:12(c)(1) prevent us from considering those arguments beyond the framework of the appellant's assignment of error.

[4] Although it appears that the appellant may have conceded this point at oral argument, it lacks merit for the reasons discussed *infra* in the text.

sentence." Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002). Instead, "it implicitly [resuspends] the balance that the defendant ha[s] not served." Id.; see Jacobs v. Commonwealth, 61 Va. App. 529, 535-36, 738 S.E.2d 519, 522 (2013). As a result, the circuit court's 2012 revocation order directing that the appellant serve one year of his previously suspended sentences implicitly resuspended the eighteen years and eleven months remaining on his original sentences. Consequently, those suspended sentences remained in effect when the circuit court acted only four years later, in 2016, giving the court subject matter jurisdiction to do so.

III. CONCLUSION

The appellant's single assignment of error presents for decision on appeal only the narrow question of the circuit court's subject matter jurisdiction. Upon our review of the record, we hold that the circuit court had subject matter jurisdiction to act when it placed the appellant on indefinite supervised probation until he completes his payment of restitution. Accordingly, we affirm the circuit court's ruling and remand the case for the limited purpose of correcting a clerical error.[5]

Affirmed and remanded with instructions.

---

[5] The 2002 sentencing order lists the appellant's three convictions for obtaining money by false pretenses. As to two of those convictions, the order properly cites Code § 18.2-178, which proscribes the offense of conviction. As to the third referenced conviction, however, the order cites a non-existent statute, Code § 18.2-278. We remand to the circuit court for correction of this apparent clerical error. See Code § 8.01-428(B); Tatum v. Commonwealth, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994). In addition, on remand, the circuit court should review the 2012 order for a possible scrivener's error regarding whether the amount of the monthly restitution payment is $100 as indicated elsewhere in the record or $1000 as reflected in the order and to correct the order if necessary.