COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Chafin, O'Brien and Malveaux
Argued at Salem, Virginia


SHEBRI STACY DILLON

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1375-16-3                       JUDGE MARY GRACE O'BRIEN
                                                    OCTOBER 10, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

Robert E. Dean (Rob Dean Law, on briefs), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury convicted Shebri Stacy Dillon ("appellant") of uttering a forged record, in violation

of Code § 18.2-168.[1]  On appeal, she asserts that "[t]he circuit court erred in holding that Roanoke

County was the proper venue for a charge of [u]ttering of a [f]orged [r]ecord, which had occurred

outside its jurisdiction in the City of Salem."

Finding no error, we affirm the conviction.

BACKGROUND

Because the parties are fully conversant with the record in this case, and this memorandum

opinion carries no precedential value, we recite only the facts necessary for their understanding of

the disposition of this appeal.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury convicted appellant of other felony charges that are not the subject of this appeal.

On February 24, 2014, appellant registered a forged deed of gift and paid a recording fee at the Roanoke County Circuit Court clerk's office, which is located in the City of Salem. At trial, the court ruled that Roanoke County was an appropriate venue for a criminal offense that took place within the City of Salem in a building owned by Roanoke County. The court did not change this ruling at the subsequent sentencing hearing.

ANALYSIS

Appellant contends that the correct venue for prosecution of the charge of uttering a forged record was in the City of Salem. Accordingly, appellant argues that the Roanoke County Circuit Court erroneously exercised jurisdiction over that charge. We review *de novo* an assignment of error that raises issues of a court's jurisdiction and statutory interpretation. Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013).

A. Jurisdiction

"The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies." Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). By contrast, "territorial jurisdiction . . . is . . . authority over persons, things, or occurrences located in a defined geographic area." Id. "Territorial jurisdiction is synonymous with venue." Commonwealth v. Leone, 286 Va. 147, 151, 747 S.E.2d 809, 811 (2013).

All circuit courts have original subject matter jurisdiction over felonies committed throughout the Commonwealth. Code § 17.1-513. See also Porter v. Commonwealth, 276 Va. 203, 229, 661 S.E.2d 415, 427 (2008). Thus, both Salem and Roanoke County had subject matter jurisdiction for the trial of the uttering charge. In this appeal, Roanoke County's authority to hear the case raises only an issue of territorial jurisdiction – that is, venue.

Code § 19.2-244 addresses venue "in general" in a criminal case. It states that "[e]xcept as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. Neither party disputes that appellant's uttering offense occurred at the Roanoke County Circuit Court clerk's office, which is physically located in the City of Salem. Without more, these facts would indicate that, under Code § 19.2-244, Salem is the proper venue for the uttering prosecution.

Code § 19.2-244, however, contains the qualification "[e]xcept as otherwise provided by law," which applies here. In 1968, the General Assembly enacted Code § 17-126.2, now codified as Code § 17.1-515.2, which states:

> [T]he . . . courts of Roanoke County shall have, concurrently with the courts . . . of the City of Salem, jurisdiction over criminal offenses committed in or upon the premises . . . located in the City of Salem which are owned or occupied by Roanoke County or any . . . department of the county.

See 1968 Va. Acts ch. 33. The statute also provides for concurrent jurisdiction between cities and counties of various other municipalities throughout the Commonwealth. See id.

The Supreme Court interpreted Code § 17-126.2 in Garza v. Commonwealth, 228 Va. 559, 323 S.E.2d 127 (1984). In Garza, the Court held that Code § 17-126.2 is a "special venue" statute granting Roanoke County and Salem concurrent jurisdiction over crimes committed on Roanoke County property located in Salem. Id. at 566, 323 S.E.2d at 130-31. Therefore, Code § 17-126.2 provides an exception to the general venue statute, Code § 19.2-244. See id. at 556, 323 S.E.2d at 131. The Court concluded that a crime committed on Roanoke County property in Salem could be treated as if it occurred in either Roanoke County or Salem. Id.

### B. Continued Validity of "Special Venue" Statute

Appellant argues that Code § 17-126.2 was repealed and, therefore, the court erroneously relied on Garza to conclude that venue was proper in Roanoke County. We disagree.

The General Assembly authorized the Virginia Code Commission to codify and publish the "general and permanent statutes" enacted each year. Code § 30-146. See also Code § 30-147(A) (addressing "[a]ll parts of any code published or authorized to be published by the Commission"). However, "the underlying enacted legislation is found in the Acts of Assembly and is the complete and accurate statutory law of the Commonwealth." Eberhardt v. Fairfax Cty. Emp. Ret. Sys. Bd. of Trs., 283 Va. 190, 194, 721 S.E.2d 524, 526 (2012). The "general and permanent statutes" are printed in the Code; statutes of more limited scope and purpose, often found only in the Acts of Assembly, are nonetheless valid and enforceable. See id. at 194 n.2, 721 S.E.2d at 526 n.2.

At the time of appellant's uttering offense, Code § 17-126.2 was no longer expressly "set out" in the Code but remained part of the Acts of Assembly. In 1988, four years after Garza, the Code Commission decided that certain provisions of Title 17, including Code § 17-126.2, would no longer be "set out" in the Code. See Va. Code Comm'n, The Effect of the 1998 Revision of Title 17 on Provisions "Not Set Out" in Title 17 of the Code of Virginia, at 1-4 (April 4, 2017) ("Commission Report").[2] The Commission decided to "not set out" these provisions because they "did not have general and permanent application but were limited in their scope and purpose." Id. at 1. As a result of the Commission's decision, the 1988 replacement volume containing Title 17 removed Code § 17-126.2, as well as several other code sections, and replaced them with the designation "not set out." Id. at 1-2. However, the statutes were not repealed and remained part of the Acts of Assembly. See id. at 2-3.

In 1998, the General Assembly repealed Title 17 and relocated much of it to Title 17.1. See 1998 Va. Acts ch. 872. The Act accomplishing this revision contained two repeal clauses, Clause 10 and Clause 11. Clause 10 was a general repeal section stating, in relevant part, that "Title 17

---

[2] A report of the Code Commission is "persuasive authority" of underlying legislative intent. REVI, LLC v. Chicago Title Ins. Co., 290 Va. 203, 212-13, 776 S.E.2d 808, 813 (2015).

(§§ 17-1 through 17-238) of the Code of Virginia are repealed." Clause 11 specifically repealed

Code §§ 17-117.1 and 17-118.1, two of the code sections that, like Code § 17-126.2, were no longer

"set out" in Title 17 as a result of the 1988 revision. Clause 11 did not address Code § 17-126.2.

See Commission Report, at 2-3.

Appellant contends that the legislative action of 1998 repealing Title 17 included a repeal of

Code § 17-126.2, and therefore Salem and Roanoke County no longer had concurrent jurisdiction at

the time of the offense. Specifically, appellant argues that because Code § 17-126.2 falls within the

range of code sections referenced in Clause 10, it was part of the general repeal and not relocated to

Title 17.1.

"The rules of statutory interpretation argue against reading any legislative enactment in a

manner that will make a portion of it useless, repetitious, or absurd." Porter v. Commonwealth, 276

Va. 203, 230, 661 S.E.2d 415, 427 (2008) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d

61, 64 (1984)). Instead, "every act of the legislature should be read so as to give reasonable effect

to every word." Id. Appellant's contention that Clause 10 included the provisions of Title 17 that

were "not set out" – such as the jurisdictional provision at issue here – would render Clause 11

completely unnecessary, because the two code sections in Clause 11 would already have been

repealed. Such an interpretation would violate the rules of statutory construction. See

Commonwealth v. Squire, 278 Va. 746, 752, 685 S.E.2d 631, 634 (2009) ("We do not consider

actions of the General Assembly to be superfluous; instead, we seek to provide meaning to all the

words of a statute.").[3] Construed together, these clauses indicate that provisions such as Code

§ 17-126.2, which were "not set out" in Title 17, were not affected by the general repeal.

---

[3] Further, although appellant correctly asserts that penal statutes must be strictly construed against the Commonwealth, and cannot be extended by implication, a statute addressing the proper venue for prosecution of a crime is not penal in nature. See Kirby v. Commonwealth, 63 Va. App. 665, 672 n.6, 762 S.E.2d 414, 417 n.6 (2014).

Effective April 4, 2017, the Code Commission resumed "setting out" the relevant jurisdictional provision. See Code § 17.1-515.2. Just as this action was not a legislative enactment, the Code Commission's prior decision to "not set out" Code § 17-126.2 was not a legislative repeal. Instead, both activities were proper exercises of the Code Commission's codification authority pursuant to Code § 30-146.

At the time of appellant's uttering offense, the "special venue" statute granting concurrent territorial jurisdiction to the City of Salem and Roanoke County for the prosecution of certain crimes remained in effect as part of the Acts of Assembly. Accordingly, we find that the court did not err by ruling that Roanoke County was an appropriate venue for the trial and affirm appellant's conviction of uttering a forged record.

Affirmed.